PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

## Petition for Warrant for Offender Under Supervision

Name of Offender: <u>Michael Parrish</u>　　　Case Number: <u>3:06-00182</u>

Name of Sentencing Judicial Officer: <u>The Honorable William J. Haynes, Jr., Chief U. S. District Judge</u>

Date of Original Sentence: <u>June 15, 2007</u>

Original Offense: <u>18 U.S.C. § 922 (g)(1) and 924, Felon in Possession of a Firearm</u>

Original Sentence: <u>77 months' custody and 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>　　　Date Supervision Commenced: <u>June 5, 2013</u>

Assistant U.S. Attorney: <u>Cecil Vandevender</u>　　　Defense Attorney: <u>Sumter L. Camp</u>

### PETITIONING THE COURT

___　　To issue a Summons.
_X_　　To issue a Warrant.

**THE COURT ORDERS:**

☐ No Action
☒ The Issuance of a Warrant:
　　☐ Sealed Pending Warrant Execution
　　　(cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this _9th_ day of _September_, 2013,
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U.S. Probation Officer

Place　　Nashville, TN

Date　　September 3, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1. **The defendant shall not commit another federal, state or local crime.**

   On August 16, 2013, Mr. Parrish was arrested by the Metropolitan Nashville Police Department and charged with Harassment-Cause Emotional Distress, Intimidate, Frighten. According to the affidavit, which is attached for Your Honor's review, Mr. Parrish had reportedly been making statements and threats to his wife, Stephanie Crawley-Rutledge. The couple was sharing an apartment but due to the threats, she had been staying at her sister's house. She went to the apartment to shower and get belongings and left again to stay with her sister. This caused Mr. Parrish to become upset and to begin making repeated calls to her stating he was going to torture and kill her the next time he saw her and he was going to "mess her up". Due to the past abuse from the defendant and the nature of the current calls, Ms. Crawley was fearful of injury to herself and her child. Mr. Parrish bonded out of custody on August 16, 2013, on a $2,000 bond.

   On August 17, 2013, Mr. Parrish was arrested by the Metropolitan Nashville Police Department and charged with Criminal Contempt-Violation of Order of Protection. According to the affidavit, which is attached for Your Honor's review, Mr. Parrish called Stephanie Crawley on her cell phone more than seven times between 9:30 p.m. on August 16, 2013, and 1:00 a.m. on August 17, 2013. He reportedly told Ms. Crawley that he wanted to get his things. She instructed him to get his belongings from the police. She instructed him to quit calling and to leave her alone though he continued to call, disregarding her instruction. He had been served the order of protection by the Davidson County Sheriff's Office on August 16, 2013. Mr. Parrish bonded out of custody on August 17, 2013, on a $2,000 bond.

   On August 20, 2013, Mr. Parrish was arrested by the Metropolitan Nashville Police Department and charged with Criminal Contempt-Violation of Order of Protection. According to the affidavit, which is attached for Your Honor's review, Mr. Parrish called and texted Ms. Crawley several times on August 18, 2013. An officer responded to a reported order of protection violation. Ms. Crawley showed the officer the call log on her phone as well as several texts. She stated that the texts were mainly about Mr. Parrish's belongings but she was still scared of him due to his violent history and threats made toward her in the past. She was told to preserve the phone log for evidence purposes. She removed the rest of Mr. Parrish's belongings to another residence to eliminate the need for him to communicate with her. Ms. Crawley asked the officer to prosecute on her behalf. The bond amount set for Mr. Parrish was $3,500.

   Mr. Parrish is currently in custody at the Morgan County Correctional Complex in Wartburg, Tennessee, for the charge of Felony Parole Violation. His next parole hearing is scheduled for September 11, 2013.

2. **The defendant shall refrain from unlawful use of a controlled substance.**

   On August 1, 2013, Mr. Parrish submitted a urine sample that tested positive for cocaine. He denied use of cocaine.

3. **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the probation officer.**

   On July 31, 2013, Mr. Parrish was scheduled for a substance abuse assessment. Prior to the appointment time, he rescheduled the assessment. The assessment was rescheduled for August 6, 2013. On August 6, 2013, Mr. Parrish cancelled the assessment. The assessment was scheduled again for August 9, 2013. On August 9, 2013, Mr. Parrish arrived three hours late for the assessment and was unable to be seen.

## Compliance with Supervision Conditions and Prior Interventions:

Mr. Parrish began supervised release on June 5, 2013. He is scheduled to terminate supervision on June 4, 2016. A modification hearing was held before Your Honor on July 22, 2013, to add a substance abuse treatment condition as Mr. Parrish has a history of substance abuse and the Bureau of Prisons recommended further substance abuse treatment.

## Update of Offender Characteristics:

Mr. Parrish has remained unemployed while on supervised release.

## U.S. Probation Officer Recommendation:

It is respectfully recommended that a warrant be issued for Mr. Parrish so that he may appear before the Court to answer to the violation behavior outlined above.

This matter has been discussed with the U.S. Attorney's office, who concurs with the recommendation.

Approved: *[signature]*
Burton Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. MICHAEL PARRISH, CASE NO. 3:06-00182

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:**     **POST APRIL 30, 2003**      **PROTECT ACT PROVISIONS**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) *18 U.S.C. § 3583(e)(3)* | 8-14 months *U.S.S.G.§ 7B1.4(a)* | No Recommendation |
| SUPERVISED RELEASE: | 3 years minus any term of imprisonment *18 U.S.C. § 3583(h)* | 1-3 years *U.S.S.G. § 5D1.2(a)(2)* | No Recommendation |

18 U.S.C.§ 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding a Grade C violation, the Court may revoke probation or supervised release; or extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted,

_____
Joshua Smith
U.S. Probation Officer

Approved: _____
Burton Putman
Supervisory U.S. Probation Officer

COMPLAINT NUMBER: 2013-0773435      WARRANT NUMBER: GS644194

PROSECUTOR: Stephanie Crawley-Rutledge
DEFENDANT: Michael S Parrish
VICTIM: Stephanie Crawley-Rutledge

STATE OF TENNESSEE, COUNTY OF DAVIDSON
AFFIDAVIT
Harassment - Cause Emotional Distress, Intimidate, Frighten
39-17-308(a)(4)

Personally appeared before me, the undersigned, [Select one] _x_ Commissioner ___ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that [Select one] ___ he _x_ she [Select one] _x_ personally observed ___ has probable cause to believe that the defendant named above on 08/15/2013 in Davidson County, *did unlawfully* harass over phone

and that *the probable cause is as follows*:

The victim has recently been staying at her sister's house due to statements and threats made by the defendant. After going to her shared residence to shower and get belongings, the victim left again to stay with her sister. This caused the defendant to become upset and to begin making repeated calls to the victim stating he was going to torture and kill her the next time he saw her and that he was going to "mess her up". Due to past abuse from the defendant and the nature of the current calls, this placed the victim in fear injury to herself and her child.

ESignature X Stephanie R Crawley

Prosecutor: Stephanie Crawley-Rutledge
1059 Harold Dr
Nashville, Tennessee
615 522-1080

---

ARREST WARRANT

---

Information on oath having been made, that on the day and year aforesaid, and in the County aforesaid, the offense of Harassment - Cause Emotional Distress, Intimidate, Frighten A MISD, as aforesaid, has been committed and charging the defendant thereof, you are therefore commanded, in the name of the State, forthwith to arrest and bring the defendant before a judge of the Court of General Sessions of Davidson County, Tennessee, to answer the above charge.

Sworn to and subscribed Carolyn Piphus on 08/15/2013 17:44:11.
Judicial Commissioner

Carolyn Piphus
Judge of the Metropolitan General Sessions Court/Commissioner

NAME                                              DATE
DCSO Booking Officer                              Employee Number

COMPLAINT NUMBER: 2013-0777944     WARRANT NUMBER: GS644403

PROSECUTOR: Stephanie Rena Crawley
DEFENDANT: Michael S Parrish
VICTIM: Stephanie Rena Crawley

STATE OF TENNESSEE, COUNTY OF DAVIDSON
AFFIDAVIT
CRIMINAL CONTEMPT
T.C.A. 36-3-612
(VIOLATION OF ORDER OF PROTECTION)

I, Stephanie Rena Crawley, do hereby make oath that I have probable cause to believe that on 08/1[...]
in Davidson County, Michael S Parrish, Respondent, has violated the attached Order of Protection
which was entered by [Type Judge's Name] Judge Carolyn Piphus
in Case Number [Type Case #] 13DCSO2894
on [Type Court Date] 08-15-2013

I further make oath that, according to information and belief, this Order was either served on Respondent

or read to [Select one] __x__ him _____ her on [Type Date Served] 08-16-2013 at 8/16/2013 at 0729 hours

*The facts which are believed to constitute the violation of the Order of Protection are as follows:*

The defendant called me on my cell phone more than 7 times between approximately 2130 hours on 08-16-2013 and 0100 hours on 08-17-2013. The defendant stated that he wanted to get his things and I told him I would get his stuff with the Metro Police. I told him to please quit calling my phone and to leave me alone but he continued to call until shortly before police arrived. The defendant has been served with the ex-parte order of protection by DCSO on 08-16-2013.

Prosecutor: Stephanie Rena Crawley

ARREST WARRANT

Information on oath having been made, that on the day and year aforesaid, and in the County aforesaid, the offense of Criminal Contempt-Violation of Order of Protection MISD, as aforesaid, has been committed and charging the defendant thereof, you are therefore commanded, in the name of the State, forthwith to arrest and bring the defendant before a judge of the Court of General Sessions of Davidson County, Tennessee, to answer the above charge.

Sworn to and subscribed before me on 08/17/2013 01:42:19.

Norman Harris
Judge of the Metropolitan General Sessions Court/Commissioner

COMPLAINT NUMBER: 2013-0781309    WARRANT NUMBER: GS644603

PROSECUTOR: Andrew Arthur Kooshian
DEFENDANT: Michael S Parrish
VICTIM: Stephanie R Crawley

STATE OF TENNESSEE, COUNTY OF DAVIDSON
AFFIDAVIT
CRIMINAL CONTEMPT
T.C.A. 36-3-612
(VIOLATION OF ORDER OF PROTECTION)

I, Andrew Arthur Kooshian , do hereby make oath that I have probable cause to believe that on 08/18/2013
in Davidson County, Michael S Parrish , Respondent, has violated the attached Order of Protection,
which was entered by Judge Carolyn Piphus
in Case Number [13DCSO2894]
on [8-15-13]

I further make oath that, according to information and belief, this Order was either served on Respondent

or read to [Select one] __X__ him ____her on [8-16-13]

*The facts which are believed to constitute the violation of the Order of Protection are as follows:*

Police were called to take the report of a violation of order of protection by Stephanie Crawley who stated that on or about 8-18-13, as Michael Parrish was in the process of being released from jail, he called her and texted her several times. I verified that the order was not ex-parte and that it had been served. Ms. Crawley showed me the call log on her phone as well as several texts. Ms. Crawley stated that the texts and calls were mostly about the defendant's belongings but she is still scared of him due to his violent history and threats he has made towards her in the past. Ms Crawley was told to preserve the log and the texts for evidence purposes. At the time of report, Ms. Crawley removed the rest of the defendants belongings and took them to his home of record at 1021Harold Dr. thereby eliminating any further need for him to communicate with her. Ms. Crawley asked me prosecute on her behalf to allow for child care

ESignature
_____
Prosecutor:    Andrew Arthur Kooshian  0000004078
               200 James Robertson Parkway

               Nashville, Tennessee 37201

### ARREST WARRANT

Information on oath having been made, that on the day and year aforesaid, and in the County aforesaid, the offense of Criminal Contempt-Violation of Order of Protection MISD, as aforesaid, has been committed and charging the defendant thereof, you are therefore commanded, in the name of the State, forthwith to arrest and bring the defendant before a judge of the Court of General Sessions of Davidson County, Tennessee, to answer the above charge.

Sworn to and subscribed before me on 08/18/2013 10:03:14.

_____
Howard Taradash
Judge of the Metropolitan General Sessions Court/Commissioner

# VIOLATION WORKSHEET

1. **Defendant** Michael Parrish

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:06CR00182 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 06 / 15 / 2007
                                 month  day  year

5. **Original District/Office** *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | charges of harassment and 2 charges of violation of order of protection | C |
   | positive drug test | C |
   | missed substance abuse assessments | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    C

9. **Criminal History Category** *(see §7B1.4(a))*    VI

10. **Range of Imprisonment** *(see §7B1.4(a))*    8-14 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

   ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   ☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Michael Parrish

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($) _____     Community Confinement _____

Fine($)       _____     Home Detention          _____

Other        _____     Intermittent Confinement _____

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: 1 to 3 years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from _____
imprisonment:

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002